Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion regarding the cap on pension benefits found in Act 878 of 1987, which is codified at A.C.A. §§24-11-432 and 24-11-826. Arkansas Code Annotated § 24-11-432 is the section governing police pension plans. You have posed the following specific questions:
 1. If a local police pension plan has raised benefits to 100% of salary (using the legal procedure to do so), may it now adopt a cost of living increase to retired members, which would index the benefits being received to over 100% of salary?
 2. If a local police pension plan does pay benefits above 100% of salary, would it violate IRC Section 415, or any other federal law affecting the qualified status of a pension plan?
It is my opinion that the answer to your first question is "no." I interpret the law to prohibit a local police pension plan that has increased its benefits to 100% of salary from adopting a cost of living increase, if such an increase would index the benefits being received to over 100% of salary.
Prior to 1987, A.C.A. §§ 24-11-102 and 24-11-427 authorized the boards of pension plans to increase their members' benefits, but limited such increases to a cap of 75% of salary. Although Act 279 of 1987 repealed those sections' cap on benefits, Act 878 of 1987 maintained the 75% cap on benefits. In 1993, Act 872 amended A.C.A. § 24-11-432 to raise the cap to 100% of salary. (A.C.A. § 24-11-826, the section governing firefighters' pension plans, had been amended by Acts 844 and 502 of 1991 to raise its cap to 100% of salary.)
Specifically, the 1993 amendment to A.C.A. § 24-11-432 changed the language of that statute to state:
 . . . up to a maximum total benefit of seventy-five percent (75%) of final salary, provided that the maximum seventy-five percent (75%) of final salary shall no longer apply to benefits payable on April 30, 1993, and thereafter to persons retiring henceforth and to those persons who retired on or after July 1, 1987. However, in no case shall the benefit payment exceed one-hundred percent (100%) of final salary.
Acts 1993, No. 872, Section 1(a). (Acts 844 and 502 of 1991, which amended A.C.A. § 24-11-826, contained similar language.)
Accordingly, on the basis of the language of Act 872 of 1993, I must conclude that the 100% cap is an absolute one, and that the police pension plan in question may not adopt a cost of living increase that would index benefits being received to more than 100% of salary.
Your second question addresses federal law matters about which my office has no particular expertise. This question would more appropriately be addressed by the Internal Revenue Service or by the U.S. Attorney. I would therefore advise that you refer the question to the offices of either of those entities.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh